JAMES W. STINSON, plaintiff in error, vs. STEPHEN WILLIAMS, defendant in error.

When a judgment creditor has pursued his legal remedies to every available extent without success, he may go into a Court of Equity to reach the equitable assets of his debtor, not the subject matter of levy and sale.

In Equity. In Meriwether Superior Court. Motion to dismiss Bill. Decided by Judge WARNER. August Term, 1866.

Upon certain bills issued by the Chattahoochee Railroad & Banking Company, (a corporation which enjoyed and exercised banking privileges,) the defendant in error recovered a judgment against said corporation on the 20th of April, 1842. On the 2d of July, 1842, the fi fa issued upon said judgment was returned *nulla bona,* the corporation having become totally insolvent. This debt remains unpaid.

By a subscription for stock, or otherwise, the plaintiff in error, on the 17th of August, 1838, became indebted to said corporation, and by covenant in writing, under seal, under-

took to pay his said indebtedness by the 1st of December, 1848 ; and at the same time and in the same covenant, (to secure the payment of such indebtedness for the benefit of the creditors of the corporation,) he executed to the corporation his mortgage deed upon certain lands.

In July, 1861, the defendant in error filed his bill against the plaintiff in error, alleging the foregoing facts ; specifying amounts, &c., with proper certainty, and exhibiting a copy of the said covenant and mortgage deed.

The bill alleged, further, that, during the existence of the corporation, its members failed to collect said debt of Stinson, the plaintiff in error, and that, since its dissolution, the assignees of the corporation have also failed so to do, or to take any steps therefor, or for the foreclosure of the mortgage. Also, that, without the interference of a Court of Equity, the said debt from Stinson to the corporation would go unpaid, and the complainant would lose the debt due to him from the corporation.

The bill prayed for general relief, and specifically that Stinson, the plaintiff in error, be decreed to pay off his indebtedness on the covenant and mortgage aforesaid, and that the same, or so much thereof as is necessary, be applied to the satisfaction of the complainant's demand.

At August Term, 1866, counsel for Stinson moved to dismiss the bill for want of equity, for general vagueness in the allegations, and for want of proper parties.

The Court overruled the motion, and this is assigned as error.

BIGHAM, represented by PEEPLES, for plaintiff in error.

DOUGHERTY, for defendant.

WALKER, J.

In this case, we adopt as our own the opinion of Judge

Warner.   After stating the principal allegations of the bill, he says :

" The complainant, it will be observed, is a bill holder of said corporation, and his claim is predicated upon *that fact.*

By the 27*th section of the amended Charter*, (*Prin. Dig.* 367) incorporating said company, it is expressly declared that 'the said Railroad, and every part of it, and all materials purchased for its construction, and all the locomotives of said company, *and every species of property owned by the company, shall be pledged, in the first place, for the payment of their banking operations*, and one-half of the capital set aside for banking purposes.' The defendant's covenant and mortgage to the company constitute one 'species of property owned by the company ; ' it is a *debt* due by him to the company, out of which the complainant, as a bill holder, according to the charter, is entitled to be paid. In my judgment, the complainant has alleged such facts, when taken in connection with the act of incorporation, (a public law, of which the Court is bound to take notice,) as will entitle him to relief in a Court of Equity. The main facts which entitle him to relief are *issuable facts.* When a judgment creditor seeks the aid of a Court of Equity, to reach the equitable assets of his debtor, not the subject matter of levy and sale, he must show that he has pursued his legal remedies to every available extent. *Stephens vs. Bell,* 4 *Ga. R.* 319. The complainant has brought himself within that rule. The *debt* owing by the defendant to the corporation cannot be reached by the ordinary process of levy and sale. It is not apparent on the face of the bill that there are other parties necessary to enable the Court to make a decree. As a matter of course, all proper and *necessary* parties ought to be before the Court when a final decree is made. The complainant may sue on behalf of himself and such other creditors as may choose to come in under the decree, if, indeed, there be any others. But, up to the time of the decree, it is only a suit between party and party, and the plaintiff is master of his own case. *McDougald vs. Dougherty,* 11 *Ga. R.*

588. Assuming, as the motion to dismiss the bill does, that all the allegations contained therein are true, as therein set forth, the motion to dismiss the same is refused.

HIRAM WARNER, J. S. C. C. C."

We deem it unnecessary to add anything to this clear exposition of the law of the case. For the reasons given by Judge Warner, we affirm the judgment.

Judgment affirmed.